**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald S. SMITH, Defendant-Appellant.**

**No. 84–8346.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 10, 1985.

John Oliver Ellis, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Gerrilyn G. Brill, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH and ANDERSON, Circuit Judges, and ATKINS *, District Judge.

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

## PER CURIAM:

Appellant was convicted of causing a person to travel in interstate commerce in the execution of a scheme to defraud that person in violation of 18 U.S.C.A. § 2314. On appeal, appellant argues that the evidence was insufficient to support the conviction because the purported victim was an FBI agent who was not a true victim. We reject appellant's argument.

## FACTS

Ronald Shane Smith, a temporary resident of Detroit, Michigan, purported to represent the owner of three Lear Jet aircraft in seeking purchasers for the planes. In fact, however, Smith had no authority to sell the aircraft and did not represent the owner. A potential purchaser contacted the FBI after he became suspicious because of the extremely low price of the planes. Two FBI agents in Atlanta then began posing as prospective purchasers of the aircraft. After numerous conversations with an intermediary of the defendant, the intermediary informed the agents that it would be necessary for them to travel to Detroit with a cashier's check or cash in the amount of $335,000 as a down payment towards the purchase price of the planes. The FBI agents traveled to Detroit on October 31, 1983. Smith was arrested after making numerous misrepresentations at the meeting with the FBI agents.

## DISCUSSION

 There is no necessity that the scheme to defraud be successful, nor that the purported victim actually be deceived or defrauded. The fact that the interstate element of the statute was satisfied by the travel of a government agent is no bar to conviction where the defendant caused the person, FBI agent or otherwise, to travel in interstate commerce in the execution of the scheme to defraud that person. Analogous cases suggest that the defendant need not cause a "real" victim to travel in interstate commerce to violate § 2314; causing the travel of a government agent who poses as

a victim is sufficient. *Cf. United States v. Garrett*, 716 F.2d 257 (5th Cir.1983) (telephone call to a government agent provided the necessary interstate nexus under the Travel Act, 18 U.S.C.A. § 1952(a)(3)), *cert. denied*, ─── U.S. ───, 104 S.Ct. 1910, 80 L.Ed.2d 459 (1984); *United States v. Bagnariol*, 665 F.2d 877 (9th Cir.1981) (sustaining defendant's conviction for violating the Travel Act, 18 U.S.C.A. § 1952(a)(3), by causing the use of an interstate facility based on a call from an FBI agent in Oregon to the defendant in Washington), *cert. denied*, 456 U.S. 962, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982); *Thogmartin v. United States*, 313 F.2d 589, 594 (8th Cir.1963) (conviction for transportation of stolen securities in interstate commerce sufficient where defendant did not personally transport the securities but was a motivating force in the transportation).

 Appellant also suggests that the government agents manufactured federal jurisdiction. We disagree. In the instant case, the defendant, through his intermediary, instructed the agents that it was necessary to travel to Detroit to close the deal. Our review of the authorities reveals that a government agent or informer must unilaterally supply the interstate element of the offense at the government's behest—*e.g.*, when the agent goes out of state merely for the purpose of making the interstate call and creating the federal jurisdiction—before federal jurisdiction will be deemed to have been improperly manufactured. *United States v. Perrin*, 580 F.2d 730, 736 (5th Cir.1978), *aff'd*, 444 U.S. 37, 100 S.Ct. 520, 62 L.Ed.2d 419 (1979); [1] *see also United States v. Garrett*, 716 F.2d at 267; *United States v. O'Conner*, 635 F.2d 814, 817 (10th Cir.1980); *United States v. Hall*, 536 F.2d 313, 327 (10th Cir.), *cert. denied*, 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976). In *Perrin*, the court refused to "condemn the fact that the government informer was involved in the interstate element of the crime." *United States v. Per-*

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

*rin,* 580 F.2d at 736. In this case, as in *Perrin,* the government agent was "a follower and not a leader in the scheme," *id.;* the government agent's trip to Detroit in this case was done at the appellant's behest. Following *Perrin,* we reject the contention that the government artificially manufactured federal jurisdiction.[2]

Appellant's other assertions of error on appeal have no merit and warrant no discussion.

AFFIRMED.

**2.** Because we do not view the interstate contacts in this case as "casual" or "incidental" or as "happenstance," we need not decide whether such contacts are sufficient to establish federal jurisdiction under § 2314. The Second Circuit in *United States v. Archer,* 486 F.2d 670, 682–83, 685–86 (1973), held that such incidental contacts are insufficient under the Travel Act. The Fifth Circuit has held otherwise. *United States v. Garrett,* 716 F.2d at 267 n. 5 (1983); *United States v. Pecora,* 693 F.2d 421, 424 (1982).